IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30660
Conference Calendar

_____

AARON J. JOHNSON,

Plaintiff-Appellant,

versus

CHRIS SMITH; CURLEY MATHEWS; GRADY P.
GAGNARD; LEON COCO; TATE, Sergeant;
JOSEPH FURGUSON; ROBERT LEMOINE, Cadet;
CORY WALDING; EDDIE MILLS; GARY DUBROC;
KAYLO, Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1155
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Aaron J. Johnson appeals from the dismissal as frivolous of

his claims under 42 U.S.C. § 1983 against various corrections

officers and prison officials.  Johnson's brief, which is simply

a typed version of his district court motion for summary

judgment, contains no record citations and no identification of

any error in the magistrate judge's order dismissing his claims.

Although this court applies less stringent standards to parties

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

proceeding pro se than to parties represented by counsel and liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. CIV. P. 28.  See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  Johnson has not adequately briefed any argument regarding the magistrate judge's dismissal of his constitutional claims as frivolous.

Johnson's failure to identify any error in the district court's legal analysis or its application to the facts of this case "is the same as if he had not appealed that judgment." Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  This court "will not raise and discuss legal issues that [Johnson] has failed to assert."  Id. Johnson's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Because this appeal lacks merit, it is DISMISSED.  See 5TH CIR. R. 42.2.

The magistrate judge's dismissal of Johnson's claims as frivolous counts as a "strike" for the purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous counts as a second "strike."  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Johnson is hereby warned that should he accumulate three "strikes," he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; TWO-STRIKES WARNING ISSUED.